UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SABA MTCHEDLIDZE,

Petitioner,

v.

PAMELA BONDI[1]; KRISTI NOEM[2];
JULIO HERNANDEZ; BRUCE
SCOTT; and UNITED STATES
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

Respondents.

C26-0828 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 5.  Having reviewed all papers filed in support of, and in opposition to, the habeas petition, the Court enters the following order.

**Background**

Petitioner Saba Mtchedlidze is a citizen of the Republic of Georgia who has been in the custody of United States Immigration and Customs Enforcement ("ICE") since

---

[1] Todd Blanche, Acting U.S. Attorney General, is substituted for former Attorney General Pamela Bondi.  *See* Fed. R. Civ. P. 25(d).

[2] Markwayne Mullin, Secretary of the U.S. Department of Homeland Security, is substituted for former Secretary Kristi Noem.  *See* Fed. R. Civ. P. 25(d).

ORDER - 1

September 2, 2024, over 19 months ago.  *See* Delgado Decl. at ¶¶ 3–4 (docket no. 9).  In October 2024, petitioner was transferred to the Northwest ICE Processing Center ("NWIPC"), where he remains in detention, having been denied conditional release by an immigration judge on grounds that bond jurisdiction was lacking or, in the alternative, petitioner posed a flight risk.  *Id.* at ¶¶ 5 & 11.  No copy of the immigration judge's order has been provided.  Petitioner is subject to a final order of removal to Georgia, but his request under Immigration and Nationality Act § 241(b)(3) for withholding of removal has been granted based on a likelihood that petitioner would be subjected to persecution because of his membership in a minority political party, the United National Movement of Georgia.  *See* Ex. 5 to Van Daley Decl. (docket no. 10-5); Pet. at § V (docket no. 5).  Petitioner was orphaned as a teenager, has no ties to or connection with any country other than Georgia, and has no known criminal history.  *See* Pet. at §§ I & VI (docket no. 5); Ex. 3 to Van Daley Decl. (docket no. 10-3 at 3).  Respondents have made inquiry about removing petitioner to the Republic of Poland, but Poland has not responded.  *See* Delgado Decl. at ¶ 18 (docket no. 9).  ICE has not designated any third country for removal, and no removal plans are currently in place.  *See* Return at 5–6 (docket no. 8).

**Discussion**

After a removal order becomes final, ICE is authorized to detain a noncitizen, but not indefinitely.  *See* *Zadvydas v. Davis*, 533 U.S. 678, 698–99 (2001); *see also* 8 U.S.C. § 1231(a).  If, after the presumptively reasonable six-month period following entry of a final removal order, the individual at issue cannot be removed from the United States, the noncitizen is entitled to habeas relief if (i) he or she provides "good reason to believe"

ORDER - 2

that "no significant likelihood" exists of "removal in the reasonably foreseeable future," and (ii) the habeas respondent fails to rebut this contention. *See* *Zadvydas*, 533 U.S. at 701. In this matter, respondents do not dispute that the presumptively reasonable six-month post-removal-order period has expired, *see* Return at 5 (docket no. 8), and they have made no effort to refute petitioner's strong showing that no significant likelihood exists of his removal to Georgia or any other country in the reasonably foreseeable future. Respondents have offered no basis for denying petitioner's request for immediate release and related relief.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)    The petition for a writ of habeas corpus, docket no. 5, is GRANTED, and respondents shall immediately RELEASE petitioner Saba Mtchedlidze from custody at the NWIPC;

(2)    Within twenty-four (24) hours of the entry of this Order, respondents shall file a declaration confirming that petitioner has been released from custody;

(3)    Respondents shall return to petitioner any seized personal property, including his Georgian passport and any other personal identification document;

(4)    Within seventy-two (72) hours of the entry of this Order, respondents shall file a declaration confirming that any seized personal property has been returned to petitioner or his attorney;

(5)    Respondents shall not re-detain petitioner without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker

ORDER - 3

unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense;

(6)    Respondents are prohibited by the immigration judge's order dated July 14, 2025, Ex. 5 to Van Daley Decl. (docket no. 10-5), from removing petitioner to the Republic of Georgia or to any other country that is requested, expected, or likely to return petitioner to the Republic of Georgia;

(7)    Respondents are further prohibited from removing petitioner to a country other than the Republic of Georgia without at least seven (7) days' advance written notice and an opportunity to respond in a reopened removal proceeding before an immigration judge;

(8)    Petitioner's request for an order barring any third-country removal is STRICKEN without prejudice as unripe;

(9)    The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 7th day of April, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 4